**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

ROXANNE MORRISETTE,

                Plaintiff,

    v.

SPEEDWAY LLC,

                Defendant.

Civil Action No. 21-cv-1575

**NOTICE OF REMOVAL**

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant SPEEDWAY LLC ("Speedway"), by and through its counsel, Rivkin Radler LLP, hereby gives notice of the removal of the above-captioned matter from the Supreme Court of the State of New York, County of Bronx, where the action is now pending, to the United States District Court for the Southern District of New York, and respectfully states as follows:

1.    Plaintiff, Roxanne Morrisette, commenced this action (the "Action") on or about August 25, 2020 through the filing of a Summons and Complaint (collectively, the "Complaint") against Speedway in the Supreme Court of the State of New York, County of Bronx, under Index No. 29383/2020E.  Annexed hereto as Exhibits "A," "B," "C," and "D," respectively, are copies of all process, pleadings, and/or orders that have been filed in the Action and/or served upon Speedway, as required by 28 U.S.C. § 1446(a) (including Plaintiff's Complaint, Defendant's Answer, Plaintiff's Bill of Particulars and Plaintiff's Response to Defendant's Request for Supplemental Demand).

2.    This Notice of Removal is being filed within thirty days after receipt by Speedway

of a copy of a paper from which it was first ascertained that the case is one which is removable and within one year of the commencement of the action.  As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) and (c)(1).

3.      Removal of this action is proper because this is a civil action in which Plaintiff seeks monetary relief in excess of $75,000.00 against Speedway, and there is complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiff and Speedway.

4.      Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this action is pending in Bronx County, which is within the Southern District of New York.

## I.
## NATURE OF THE CASE

5.      The Action is of a civil nature in which Plaintiff seeks monetary relief against Speedway based upon the allegation that Defendant's alleged negligence caused personal injuries to plaintiff on August 19, 2019 while she was on Speedway's premises located at 610 Nereid Avenue, Bronx, New York.

6.      Specifically, in the Complaint, Plaintiff alleges that on August 19, 2019, she was caused to slip and fall and sustain serious personal injuries due to a "dangerous and defective condition" on Speedway's premises.  *See* Ex. A at ¶ 16 and ¶17. In a Bill of Particulars served on or about January 6, 2021 pursuant to New York Civil Practice Law & Rules ("NY CPLR") § 3042, plaintiff stated her alleged injuries include tears and herniations in her cervical spine, cerebral and brain injuries including destruction of brain cells and brain matter causing loss of function, and sprain/strains to her left shoulder, left knee, left foot and left ankle. *See* Ex. C at ¶5.

7.      Plaintiff's Complaint does not set forth an amount of damages.  *See* Ex. A.  On January 22, 2021, Speedway served Plaintiff with a request for supplemental demand pursuant to

NY CPLR § 3017(c).  Plaintiff responded to that request for supplemental demand on or about February 12, 2021, stating that Plaintiff seeks a total of $ 2,000,000.00 in compensatory damages with this lawsuit.  *See* Ex. D.

## II.

### THE REQUIREMENTS FOR REMOVAL ARE SATISFIED

8.      The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

*A.      Diversity of Citizenship*

9.      At the time this lawsuit was filed and as of the date of this notice, Plaintiff was and is a citizen of the State of New York because she resides and is domiciled at 130 Mt. Vernon Avenue, Mt. Vernon, NY in the County of Westchester, State of New York.  *See* Ex. C at ¶ 1. Speedway is unaware of any other state or jurisdiction in which Plaintiff is a citizen for purposes of 28 U.S.C. § 1332.

10.      At the time this lawsuit was filed and as of the date of this notice, Speedway was and is a foreign limited liability company at all times having its principal place of business in Enon, Ohio and having been registered as a limited liability company in the State of Delaware.  Speedway has its sole member, MPC Investment LLC.  MPC Investment LLC is a Delaware limited liability company, with its principal place of business in Ohio.  MPC Investment LLC has its sole member, Marathon Petroleum Corporation.  Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Ohio.  *See* 28 U.S.C. § 1332(c)(1).

11.      Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

**B.**     *Amount in Controversy*

12.     The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Specifically, Plaintiff asserts in the Complaint and Bill of Particulars that Plaintiff's injuries are "severe" and "serious" See Ex. A at ¶ 16.  In her Bill of Particulars, plaintiff states that her injuries include tears and herniations in her cervical spine, cerebral and brain injuries including destruction of brain cells and brain matter causing loss of function, and sprain/strains to her left shoulder, left knee, left foot and left ankle. *See* Ex. C at ¶5.  Furthermore, in response to Speedway's request for a supplemental demand, Plaintiff states that the total damages she deems herself entitled is two million dollars ($ 2,000,000). *See* Ex. D.

### III.

### THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

13.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after receipt of Plaintiff's response to Speedway's request for supplemental demand, which constitutes the "amended pleading . . . or other paper from which it [was] first . . . ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b); *see Yonkosky v. Hicks*, 409 F. Supp. 2d 149, 157-58 (W.D.N.Y. 2005) (denying motion to remand, finding that plaintiff's response to request for supplemental demand establishes amount in controversy and thus provides basis for federal diversity jurisdiction); *Moltner v. Starbucks Coffee Co.*, 2009 U.S. Dist. LEXIS 15518,  2009 WL 510879, at *2 (S.D.N.Y. Feb. 27, 2009) ("New York law explicitly prescribes how a defendant should determine whether the requisite jurisdictional facts for diversity jurisdiction are satisfied so that she may file a notice of removal under § 1446(b). Particularly because removal before the requisite jurisdictional facts are clearly established may warrant a remand under § 1447(c), a defendant would be well advised to utilize

the N.Y. C.P.L.R. § 3017(c) procedures and request a supplemental demand setting forth Plaintiff's total damages, before removing to federal court." (citation omitted)).

14.     This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Supreme Court of New York, County of New Bronx, where Plaintiff's Complaint is pending.  *See* 28 U.S.C. § 112(b).

15.     Speedway will give written notice to Plaintiff (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

16.     A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by Speedway with the Clerk of the Supreme Court of the State of New York, County of Bronx, as required by 28 U.S.C. § 1446(d).  Speedway has thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

**IV.**
**CONCLUSION**

17.     For all the foregoing reasons, Speedway respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.  Speedway intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings.

WHEREFORE, Defendant Speedway LLC hereby removes this action from the Supreme Court of New York, County of Bronx, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Speedway respectfully requests an opportunity to provide additional briefing and oral argument.

Dated: Uniondale, New York
February 22, 2021

Respectfully submitted,

By: _____
Daniel Furshpan (Bar #4772471)
RIVKIN RADLER LLP
926 RXR Plaza, 10th Floor
Uniondale, NY 11556-0926
(516) 357-3436/3333-Fax #
RR File No. 9949-34

*Attorneys for Defendant*
*SPEEDWAY LLC*