# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
ROXANNE MORRISETTE,

                              Plaintiff(s),

                  -against-

SPEEDWAY LLC,

                              Defendant(s).
-----------------------------------------------------------------X

Index No.:

Plaintiff designates
Bronx County
as the place of trial

The basis of the venue is:
Place of accident

**SUMMONS**

Plaintiff resides at:
130 Mt. Vernon Avenue
Mt. Vernon, NY 10550

To the above named Defendant(s)

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 25, 2020

                                                                                 _Mark B. Rubin_ (signature)
                                                                               Attorney for Plaintiff(s)
                                                                               **MARK B. RUBIN, P.C.**
                                                                               Post Office Address
                                                                               3413 White Plains Road
                                                                               Bronx, New York 10467
                                                                               (718) 231-1515

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
ROXANNE MORRISETTE,

                                Plaintiff(s),

    -against-

SPEEDWAY LLC,

                                Defendant(s).
-----------------------------------------------------------------x

**VERIFIED COMPLAINT**
Index No.:

       Plaintiff, by Mark B. Rubin, P.C., her attorney, complaining of the defendant, respectfully alleges:

       <u>FIRST</u>:          That upon information and belief, at all times hereinafter mentioned, the defendant, was a domestic limited liability corporation.

       <u>SECOND</u>:      That upon information and belief, at all times hereinafter mentioned, the defendant was a foreign limited liability corporation doing business in the State of New York.

       <u>FOURTH</u>:      That upon information and belief, at all times hereinafter mentioned, the defendant owned the premises located at 610 Nereid Avenue, Bronx, New York, hereinafter referred to as the premises.

       <u>FIFTH</u>:         That upon information and belief, at all times hereinafter mentioned, the defendant owned a gas station located on the premises, hereinafter referred to as the gas station.

       <u>SIXTH</u>:         That upon information and belief, at all times hereinafter mentioned, the defendant was the lessor of the premises.

SEVENTH: That upon information and belief, at all times hereinafter mentioned, the defendant was the lessee of the premises.

EIGHTH: That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees operated the premises.

NINTH: That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees managed the premises.

TENTH: That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees maintained the premises.

ELEVENTH: That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees controlled the premises.

TWELFTH: That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees operated the gas station.

THIRTEENTH: That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees managed the gas station.

FOURTEENTH: That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees maintained the gas station.

FIFTEENTH: That upon information and belief, at all times hereinafter mentioned, the defendant, its agents, servants, and/or employees controlled the gas station.

SIXTEENTH: That on the 19th day of August, 2019, while the plaintiff was lawfully, carefully and properly walking at the gas station, near the gas pump designated as pump number 2, she was caused to and did slip and fall, causing her to suffer and sustain the severe and serious injuries hereinafter alleged.

SEVENTEENTH:   That the aforesaid occurrence was due by reason of the negligence of the defendant, its agents, servants, employees, designees, representatives, licensees and lessees in carelessly, recklessly, negligently, willfully and improperly causing, creating, permitting, maintaining, servicing, and suffering the aforesaid ground area near pump number 2 to be, remain, and exist in an unsafe, impassable, dangerous and defective condition so as to imperil anyone lawfully using the same; in failing to repair, or in improperly repairing the said area; in causing, creating, permitting, maintaining and allowing the said area, to be, remain and exist in an improper, dangerous and defective manner and condition so as to greatly increase the danger and hazard to persons traversing same; in failing to remedy said condition although defendant knew, or should have known of the same by the exercise of reasonable inspection, observation and care; in failing to give plaintiff any warning of the unsafe, impassable and dangerous condition; in allowing a foreign substance to accumulate on the ground; in causing and/ or allowing a foreign substance to be, remain, and exist on the ground although the defendant knew or should have known of the same by the exercise of reasonable inspection, observation and care; in failing to inspect, or in improperly inspecting the premises; in having, hiring, and/or retaining in its employee inadequate, incompetent and/or insufficient help; in violating the applicable statutes, rules, ordinances and regulations in such cases made and provided, and the defendant was otherwise negligent.

EIGHTEENTH:   That by reason of the foregoing the plaintiff was caused to suffer and sustain severe and serious injuries in and about her head, face, body, and limbs, some of which are believed to be permanent, thereby rendering her sick, sore, lame and disabled, causing her to suffer and she still suffers, and upon information and belief, she will in the future suffer

3

great physical pain, mental anguish and suffering; causing her to be confined to her bed and/or home for a great length of time; causing her to be unable to pursue and she is still unable to fully pursue her usual vocation and activities, and upon information and belief, she will in the future be unable to fully perform her usual vocation and activities; causing her to expend and have expended on her behalf and she will, upon information and belief, in the future, be caused to expend and have expended on her behalf diverse sums of money for medical aid and assistance in an effort to cure herself of her injuries, and he was otherwise damaged in an amount in excess of the upper monetary jurisdictional limit of all lower courts.

NINETEENTH: Plaintiff's recovery shall not be limited by Article 16 of the CPLR or any other provision of law and is specifically excluded from such limitations by the exemptions provided for in CPLR Section 1602(2) and (7).

WHEREFORE, plaintiff, demands judgment against the defendant in an amount in excess of the upper monetary jurisdictional limit of all lower courts, all together with the costs, interest and disbursements of this action.

*Mark B. Rubin*
MARK B. RUBIN, P.C.
Attorney for Plaintiff
Office & P.O. Address
3413 White Plains Road
Bronx, New York 10467
(718) 231-1515

STATE OF NEW YORK, COUNTY OF BRONX ss:

Roxanne Morrisette being sworn says: I am plaintiff

[X] in the action herein; I have read the annexed Complaint

Individual Verification

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

Roxanne Morrisette
(Print signer's name below signature)
Roxanne Morrisette

Sworn to before me on August 25, 2020

Mark B. Rubin

MARK B. RUBIN
Notary Public - State of New York
No. 02RU4839597
Qualified in Westchester County
My Commission Expires Jan. 31, 20 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

ROXANNE MORRISETTE,

                                        Plaintiff(s),

-against-

SPEEDWAY LLC,

                                        Defendant(s).

SUMMONS AND VERIFIED COMPLAINT

**MARK B. RUBIN, P.C.**
Attorney for Plaintiff(s)
3413 White Plains Road
Bronx, New York 10467
(718) 231-1515

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: August 25, 2020

Signature: *Mark B. Rubin* (signed)

Print Signer's Name: Mark B. Rubin

Service of a Copy of the within ................................................ is hereby admitted.

Dated: ................................................

Attorney(s) for

PLEASE TAKE NOTICE

☐ Notice of Entry

that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

☐ Notice of Settlement

at _____, at _____ A.M.

Dated:

**MARK B. RUBIN, P.C.**
Attorney for Plaintiff(s)
3413 White Plains Road
Bronx, New York 10467
(718) 231-1515